JOAQUÍN SANTANA, Petitioner, v. DISTRICT COURT OF HUMACAO, F. GARCÍA QUIÑONES, Judge, Respondent.

No. 1173. Argued July 5, 1939.—Decided July 29, 1939.

Rafael Buscaglia for petitioner. *Mimoso, Vendrell & Mimoso*, for the intervener, defendant in the main action.

Mr. Justice Wolf delivered the opinion of the Court.

On August 31, 1931, in the District Court of Humacao, suit No. 15692, Félix Benítez Rexach obtained judgment against Domingo Quintana in the sum of $3,000, interest, etc. The said judgment is final and unappealable (*firme*) at this date. This judgment was subsequently assigned to Joaquín Santana, petitioner herein.

The execution of this judgment was first delayed by virtue of an order to secure the effectiveness of the judgment to be rendered in suit No. 17,770, begun by Sergio Muñoz and Domingo Quintana against Félix Benítez Rexach.

This suit No. 17,770 was dismissed and then Joaquín Santana obtained from the District Court of Humacao, issuing out of suit No. 15,692 aforesaid, an order for the execution of the judgment therein.

When the marshal was about to sell the property attached, Domingo Quintana began a new suit, No. 19014, with the same averments and prayers as in No. 17,770 and obtained a stay of execution in suit No. 15,692. No. 19,014 is still pending.

Then, it seems, Domingo Quintana in the registry of prop-

erty effected a cancellation of the attachments (*embargos*) obtained in case No. 15,692 because they were more than four years old.

Thereafter, Domingo Quintana filed a motion in the District Court of Humacao in suit No. 15,692 asking for what may be called a judicial cancellation of the said attachments. He presented certain grounds for the annulment that we need not discuss. The District Court of Humacao acceded to the motion, not on the grounds solicited, but because the said Domingo Quintana and his sureties had given a bond in suit No. 19,014. That bond was one for damages in case suit No. 19,014 was not successfully prosecuted.

Various matters are urged by the parties that we need not consider.

After a careful consideration of the question involved we think that the district court erred in setting aside the attachment. When the stay of execution of the judgment was obtained by virtue of the institution of the new suit and of the order to secure on bond the effectiveness of any judgment that might be rendered therein, things remained in the same state and condition as they were at the time of the stay. At that time the attachment was in force.

The fact that the attachment may have been cancelled in the registry by reason of the lapse of four years without its having been renewed, is immaterial. The registrar acted without knowledge of the facts and attendant circumstances, taking into consideration the mere lapse of a term fixed by the statute.

The matter having been laid before the court and the true situation of fact and of law having been shown, we think that the court not only should have denied Quintana's motion, but should also have granted Santana's petition by directing the establishment of the attachment in the registry through a new entry.

The mere action of the parties in giving a bond in another suit is not the substitute for court action. To be sure of

meeting the law the plaintiff should have his attachments in the registry renewed and is entitled to it now.

The bond for $5,000 given in suit No. 19,014, as said before, was for damages. The attachments after judgment can only be released by payment, execution or other direct action. The petitioner points out that in case No. 15,692 the judgment with interest amounts to over $7,000.00. The court had done enough for the plaintiff in case No. 19,014 in staying the judgment.

 The respondent says that certiorari is not the proper action in this case. We think that the order of the court cancelling the attachment was one after judgment and hence appealable under Section 295 of the Code of Civil Procedure. Given the delay in such an appeal, given in addition the inadequacy of the bond and the convolution of suits disturbing the *status quo,* we think an appeal would be inadequate.

The order of April 5, 1939, cancelling the attachments in suit No. 15692 should be annulled and also an order issued for a new record in the registry of property.

Mr. Justice Travieso took no part in the decision of this case.